# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMMIE R. MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-09-232-RAW-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Sammie R. Montgomery requests review of the Commissioner of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts error by the Administrative Law Judge ("ALJ") in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on August 4, 1944, and was sixty-four years old at the time of the administrative hearing (Tr. 66). She has a high school education, completed one year of college and trained as an LPN (Tr. 23, 116). The claimant has experience as an assistant director for home health, a charge nurse, a general office clerk, a home health coordinator and supervisor, and as an LPN (Tr. 34-5, 110). She alleges inability to work since December 18, 2004 because of degenerative disc disease, diabetes, osteoarthritis in her shoulders, hands, knees, ankles, toes and clavicle, high blood pressure, neuropathy in her feet, an inflamed rotator cuff, and bone spurs in her left shoulder (Tr. 21, 109).

### Procedural History

On April 4, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Richard J. Kallsnick conducted the administrative hearing and found that the claimant was not disabled in a written opinion dated August 29, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation, finding that the claimant had the residual functional capacity ("RFC") to perform the full range of light work, *i. e.*, she could lift/carry 20 pounds frequently and 10 pounds occasionally and had no postural limitations, but she was limited in "pushing and pulling with her upper extremities" and in "reaching overhead and lifting with her left arm" (Tr. 15). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work as an assistant director, a home health supervisor and a home health coordinator as such work is generally performed (Tr. 17).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze the opinion of her treating physician, Dr. Jerald M. Gilbert, M.D., D.D.S.; and, (ii) by failing to properly analyze her credibility. The undersigned Magistrate Judge finds that the ALJ *did* fail to properly analyze Dr. Gilbert's opinion, and the decision of the Commissioner should therefore be reversed and the case remanded for further analysis by the ALJ.

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) [quotation marks omitted]. When a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight

to give them by analyzing all of the factors set forth in 20 C.F.R. §§ 404.1527, 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§ 416.927].'"), *quoting Watkins*, 350 F.3d at 1300. The pertinent factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). And if the ALJ rejects a treating physician's opinions entirely, he must "give specific, legitimate reasons for doing so." *Id*. at 1301 [quotations omitted]. In summary, it must be "clear to any subsequent reviewers the weight [the ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id*. at 1300.

Dr. Gilbert submitted a letter dated August 9, 2006 about treatment of the claimant over a period of six years (Tr. 352-53). He indicated that the claimant suffered from "degenerative joint disease of the left shoulder, degenerative disc disease of the lumbar spine with pain [ ] radiating down both legs, degenerative joint disease of bilateral knees and ankles" but that her primary disability involved her left shoulder, which had "marked

limitation at approximately 35 degrees elevation with loss of strength" (Tr. 352). Dr. Gilbert opined that the claimant was totally and permanently disabled as a result of her maladies (Tr. 353).

Dr. Gilbert based his opinions on x-rays of the cervical and lumbar spine and an MRI performed by Dr. R. Michael Black in October 2005 (Tr. 352). The MRI showed that the claimant had "degenerative disease at the glenohumeral joint level and also some changes at the AC joint level with some hypertrophic changes, [and] also apparent involvement of the rotator cuff" (Tr. 339). Dr. Black felt that the claimant was not a good candidate for joint arthroplasty but would need to decompress the shoulder, although he was unsure it would improve her condition given the degenerative disease in her shoulder and the cervical issues from which she was suffering (Tr. 339).

The claimant was also examined Dr. Joseph Tran, M.D., who noted that the claimant "complains of arthritis and weakness in some of her joints" (Tr. 261) and had "difficulty getting on an off the examination table, lying down and rising back up because of her left shoulder pain" (Tr. 262). Dr. Tran also noted that the claimant had normal strength in both her upper and lower extremities (Tr. 262) but abnormalities in abduction in her right and left shoulders, forward elevation of the left shoulder, and left shoulder internal and external rotation (Tr. 264). Finally, Dr. Kenneth Wainner, M.D. evaluated claimant's medical records (but not Dr. Gilbert's letter) and determined that she had the capacity for light work, subject to a limitation in reaching overhead (Tr. 344-51).

The ALJ observed that Dr. Gilbert's opinion that the claimant was totally disabled was not entitled to any controlling weight, *see* 20 C.F.R. §§ 404.1527(e), 416.927(e) ("A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled."), and proceeded to reject it outright because he found it to be inconsistent with Dr. Tran's findings (Tr. 16). Such summary treatment of the opinions expressed by Dr. Gilbert was erroneous for two reasons. First, while the opinion as to disability was not entitled to controlling weight, any opinions expressed by Dr. Gilbert regarding the claimant's functional limitations *were* entitled to such weight unless they were not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or inconsistent "with other substantial evidence in the record." *Langley,* 373 F.3d at 1119, *quoting Watkins,* 350 F.3d at 1300. The ALJ provided no analysis whatsoever in this regard.

Second, even if *none* of Dr. Gilbert's opinions were entitled to controlling weight, the ALJ was nevertheless required to analyze the proper weight to give them by applying the factors in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927. *See Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § 404.1527.") [emphasis added], *quoting Watkins,* 350 F.3d at 1300. *See also Miller v. Barnhart,* 43 Fed. Appx. 200, 204 (10th Cir. 2002) ("An ALJ is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, *including opinions from medical sources about*

*issues reserved to the Commissioner.*") [emphasis added], *quoting* Soc. Sec. Rul. 96-5p. This should have been done not only for Dr. Gilbert's opinions, but also for Dr. Tran's opinions, which the ALJ favored, *see, e. g., Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician[.]"); *see also Reid v. Chater,* 71 F.3d 372, 374 (10th Cir. 1995) ("A treating physician's opinion is favored over an opinion offered by a consulting physician."), *citing Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir. 1987), and for any other physician's opinions appearing of record. *See Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every medical opinion* in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional.") [emphasis added], *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995). The ALJ provided none of this analysis.

Because the ALJ failed to properly evaluate *all* of the medical opinions appearing of record, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any modifications to the claimant's RFC, then ALJ should then re-determine what the claimant can perform, if any, and ultimately whether she is disabled.

**Conclusion**

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**